IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| THEODORE F. CRUTCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00054 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LANE PERRY, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |
| | ) | |

Plaintiff Theodore F. Crutchfield ("Plaintiff") filed a *pro se* Complaint in this Court on November 14, 2014. Before me now is Defendant Sheriff Lane Perry's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). (See Mot. to Dismiss, Jan. 20, 2015 [ECF No. 6].) I have reviewed the pleadings, the arguments of the parties, and the applicable law; the matter is now ripe for disposition. For the reasons stated herein, I will grant the Motion and dismiss Plaintiff's Complaint.

## I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff Theodore F. Crutchfield ("Plaintiff") filed a complaint with the Henry County Sheriff's Office demanding that his blood sample be returned "with DNA intact." (Compl. pg. 1 [ECF No. 3].) Defendant Lane Perry ("Defendant") is the Sheriff of Henry County.

Plaintiff contends that Defendant allowed Deputy Sheriff Josh Nash "to violate plaintiffs [sic] 4th Amendment Rights to search and seizure in that Plaintiff had blood taken on the street with No court order, No search warrant, for No True Reason and No Virginia Code to cover deputy's actions . . . ." (Id.) Additionally, Defendant allowed Deputy Nash to file "to the DMV

---

[1] The facts are taken from Plaintiff's *pro se* Complaint. At this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

- 1 -

and have plaintiffs [sic] license suspended by-passing the court system." (Id.) Plaintiff asserts that this violated his 14th Amendment right to due process. Plaintiff informed Defendant of these violations in three certified letters. (Id. pgs. 1–2.) Plaintiff asserts that Defendant "did allow plaintiffs [sic] rights to be violated after being notified." (Id. pg. 2.)

Plaintiff asserts that his blood was taken without a court order, in violation of the Fourth and Fourteenth Amendments. He claims that his rights to confront his accuser and to have a fair hearing were denied, despite the fact that they are guaranteed by the Sixth Amendment. Plaintiff asserts that his right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment, was violated when he his "arm was hurt after warning EMT not to put alcohol on his body . . . ." (Id.) As a result of these violations, Plaintiff seeks a declaratory judgment, temporary and permanent injunctions, and punitive damages of $25,000,000.00. (Id. pg. 3.)

Plaintiff filed suit in this Court on November 14, 2014, alleging that Defendant violated his constitutional rights in violation of 42 U.S.C. § 1983. After being served with a summons, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on January 20, 2015. [ECF No. 6.] Plaintiff was served with a Roseboro notice. Instead of filing a brief in opposition, Plaintiff filed a Motion to Proceed on February 6, 2015 [ECF No. 16], which I construe as a brief in opposition to Defendant's Motion. The parties argued their positions in open court on March 2, 2015.

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or the laws of the United States." Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). In the present case, Plaintiff premises Defendant's liability under § 1983 on his role as Sheriff of Henry County. Plaintiff contends that a deputy under Defendant's control committed an unknown constitutional violation[2] involving an illegal search and seizure of his blood on a Virginia roadside. Plaintiff does not allege that Defendant was present for the search, had knowledge of it before it occurred, or was aware of the search while it was occurring. Assuming, as the court must, the veracity of Plaintiff's pleadings, and assuming that a search and seizure did occur, Defendant cannot be liable under § 1983 under the facts presented.

---

[2] Although the nature of the violation is made clear in pleadings and exhibits filed in a separate case, see Complaint, Crutchfield v. Nash, Case No. 4:14cv00053 (W.D. Va. Nov. 14, 2014), for the purposes of a motion to dismiss, the Court's inquiry is confined only to the pleadings in the present case. But see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322–23 (2007) (noting that, on a motion to dismiss, the court may consider "matters of which a court may take judicial notice").

First, because Plaintiff is proceeding *pro se*, his Complaint, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Courts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999). It is appropriate to assume, then, that Plaintiff has sued Defendant in both his official and individual capacities.

Defendant is entitled to absolute immunity for suits against him in his official capacity. The law is clear that a sheriff is a state actor for Eleventh Amendment purposes, and is thereby immune from liability for monetary damages. See U.S. Const. Amend. XI; Smith v. McCarthy, 349 F. App'x 851, 858 n.11 (4th Cir. 2009) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will, 491 U.S. at 71. As such, insofar as the suit seeks money damages, it is barred by the Eleventh Amendment.

Turning to the suit against Defendant individually, it is equally clear that Plaintiff is advancing a theory of liability under *respondeat superior*. He argues that Defendant is liable because "[t]here is a chain of command Sheriff being at the top does have control of ALL beneath [him] . . . ." (Br. in Supp. of Mot. to Proceed pg. 1.) He also states that, "Having a chain of command with Defendant at the top leaves the defendant responsible for the actions of his men." (Id.) This theory of liability forecloses a suit against Defendant. Liability in a § 1983 action "will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

As the Fourth Circuit has stated, "there is no *respondeat superior* liability under § 1983 . . . ." Barrett v. Bd. of Educ. of Johnson County, N.C., 590 F. App'x 208, 210 (4th Cir. 2014) (per curiam) (unpublished) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

Likewise, even if Plaintiff were arguing that Defendant is liable under § 1983 in his role as Deputy Nash's supervisor, he has wholly failed to allege any factual support for that position. In order to set forth a claim for supervisory liability under § 1983, Plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has failed to allege any facts that would establish any of the Shaw elements. At most, he alleges that Defendant was aware of Deputy Nash's conduct after the fact. (See Compl. Ex. 2 [ECF No. 3-2].) That is insufficient to establish liability for actions that occurred beforehand.

Plaintiff has not pleaded any facts to show that Defendant had some personal stake or responsibility in the DMV's subsequent actions regarding Plaintiff's license suspension.[3] At most, he has alleged that Defendant was aware that Deputy Nash was filing something with the DMV and that the DMV could take his license without a hearing. Under the elements set forth in Shaw, however, there is no basis for § 1983 liability.

---

[3] Virginia law states that, "[i]f the Department [of Motor Vehicles] has good cause to believe that a driver is incapacitated and therefore unable to drive a motor vehicle safely, . . . it may require him to submit to an examination to determine his fitness to drive a motor vehicle. . . . Refusal or neglect of the person to submit to the examination or comply with restrictions imposed by the Department shall be grounds for suspension of his license or privilege to drive a motor vehicle in the Commonwealth." Va. Code Ann. § 46.2-322 (2014).

- 5 -

## IV. CONCLUSION

Defendant is immune from liability for money damages in his official capacity. Plaintiff has failed to state a claim for § 1983 liability because one cannot be liable under § 1983 on a theory of *respondeat superior*. Plaintiff has wholly failed to allege any factual support which would justify permitting his claims to go forward under a supervisor liability theory of § 1983. In the absence of any viable theory of liability or any viable factual support for his claims, Plaintiff's Complaint must be dismissed.

The Clerk is directed to forward this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

Entered this 19th day of March, 2015.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE
